KARLSSON, Respondent, v. ODLAND, Appellant.

(212 N. W. 50.)

(File No. 5776.   Opinion filed February 10, 1927.)

1. **Contracts—Implied Contract, Superseded by Express Contract, Has No Existence.**

   There can be no implied contract, where it has been superseded by express contract.

2. **Use and Occupation—In Action for Use of Premises, Recovery by Plaintiff, Based on Express Contract Proved, Could Not Be Sustained; Implied and Not Express Contract Having Been Pleaded.**

   Where, in action for use of premises, plaintiff pleaded an implied contract and proved an express contract, recovery based on express contract could not be sustained; express contract not having been pleaded.

3. **Use and Occupation—In Action for Use of Premises on Implied Contract, Defendant's Evidence of Use of and Relationship to Premises Was Erroneously Excluded.**

   Where, in action for use of premises, plaintiff pleaded an implied contract and proved an express one, recovery based on implied contract would not be sustained; evidence as to defendant's use of land and as to his relation to it as tenant in common having been erroneously excluded.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Contracts, Key-No. 4, 13 C. J. Sec. 9; (2) Use and occupation, Key-No. 8, 39 Cyc. 866, Contracts, 13 C. J. Sec. 909; (3) Use and occupation, Key-No. 9, 39 Cyc. 867.

Appeal from Circuit Court, Roberts County; Hon. J. J. BATTERTON, Judge.

Action by August F. Karlsson, as administrator of the estate of Lars B. Odland, against Gudmund Odland. From a judgment

for plaintiff, and from an order denying his motion for new trial, defendant appeals. Reversed and remanded.

*P. C. Kibbe,* of Tenino, Wash., and *Howard Babcock,* of Sisseton, for Appellant.

*Jorgenson & Anderberg,* of Sisseton, for Respondent.

BURCH, J.   This action is brought to recover for the use of certain land in Roberts county. For several years defendant was the owner of a 40-acre tract of hay land in section 11, and of the N. E. ¼ of section 4, all in township 128, range 52. Some time in 1915 defendant made an oral agreement with Lars. B. Odland, his son, whereby for a consideration of $3,500 he agreed to convey to his son the south half of the land in section 4 and an undivided half interest in the hay land in section 11. Until payment of the purchase price the son was to pay as rent to his father $240 cash annually. The son went into possession, built a home on the 80 in section 4, and occupied it with his family. In 1918 he died, and his widow went to live with some of her folks, leaving in the house her furniture and some of her personal effects. Plaintiff was appointed the administrator of the son's estate, and in 1919 tendered $3,500 in payment of the said land, which was refused.

An action in specific performance was brought to compel defendant to convey the land as agreed. A decree was entered in plaintiff's favor, and defendant appealed to this court. The opinion in that case is reported in 46 S. D. 350, 192 N. W. 758. On appeal the judgment was affirmed.

During the progress of that litigation, defendant moved to the state of Washington, but in 1919 defendant used the cultivated land, 57 acres, on the 80 in section 4, and took the crop therefrom; he also took all of the hay crop on the 40-acre tract, none of which was under cultivation. In 1920 and 1921 the land was farmed on shares, and defendant received the share of the crop, which he offered to show on the trial amounted to $231 in 1920 and $176.75 in 1921. Defendant paid taxes, which he also offered to show amounted to $204.61.

This action is brought to recover for the use of the premises for the three years mentioned. Judgment was rendered in favor of plaintiff for $1,350, and defendant appeals from the judgment and from an order denying his motion for a new trial.

[1] Plaintiff's complaint alleged that the defendant forcibly entered upon the premises and without authority or consent of the plaintiff retained possession of the premises to the damage of plaintiff in the sum of $1,500. Plaintiff testified that he had an arrangement with defendant whereby defendant agreed to give him one-third of the crop, delivered in the granary, and one-third of the hay, or to pay according to what other farmers pay for hay. His testimony is totally at variance with the allegations of his complaint, but after giving such testimony he testified as to the value of the entire premises, and produced a number of witnesses to prove the value without regard to the amount or value of one-third of the crop or the amount of one-third of the hay or the price paid by other farmers for hay land. In other words, he pleaded an implied contract, proved an express contract, and based his recovery on the implied contract which he had disproved. There can be no implied contract, where superseded by an express contract. The court refused to allow defendant to show that of the land in section 4 he used only the 57 acres of plow land, and refused to recognize the defendant as tenant in common and liable only for an accounting for the use of the hay land in section 11. The court did not permit defendant to show that he did not use the buildings, nor did the court permit defendant to show what he received as share rent during the years, nor what the share of the rent was in 1919.

[2, 3] The case was not well tried on either side. Many of the assignments of error cannot be intelligibly considered until the contract upon which the action is based is determined. The evidence is insufficient to support the verdict and judgment, if based upon the express contract proved. If upon the implied contract pleaded the court erred in not allowing defendant to prove that he did not use any or all of the premises and in refusing to consider defendant's status as a tenant in common of the hay land. In any view of the case, the court cannot be sustained, and because of the condition of the record the assignments of error cannot well be treated in detail, and such treatment will not be attempted.

The judgment and order appealed from are reversed and the cause remanded.